UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHELL OIL COMPANY, :
Plaintiff :
v. : C.A. No. 04-500 ML
C.P. WATSON, INC., :
Defendant :

FILED
MAY 23 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S MORE RESPONSIVE ANSWERS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Defendant, C.P. Watson, Inc., by and through counsel, and hereby moves to compel Plaintiff's more responsive answers to Defendant's First Request for Production of Documents. Defendant's First Request for Production of Documents was served on December 23, 2004. Plaintiff's response was served on or about April 26, 2005, after this Court entered an order compelling Plaintiff to do so. Defendant now moves to compel Plaintiff to provide more responsive answers to each request enumerated below. Plaintiff's response, as served on April 26, 2005, also generally fails to comply with Rule 34 of the Federal Rules of Civil Procedure because Plaintiff has failed to organize and label the documents to correspond with categories in Defendant's request, thereby making it nearly impossible for Plaintiff to determine what, if any, responsive documents actually exist.

Defendant requests a twenty (20) day order of compliance.

No objection having been timely filed pursuant to the Local Rules for the District of Rhode Island, the within motion is hereby granted.

Barbara Barletta
Deputy Clerk
Date: 6/8/05

Defendant's counsel certifies that he has unsuccessfully attempted to secure Plaintiff's compliance with Defendant's discovery request without the necessity of Court action in accordance with Rule 37(a)(2) of the Federal Court Rules of Civil Procedure.

**Request Number 1:** The complete fully-executed so-called "Bill of Sale" described in paragraph 6 of the Plaintiff's Complaint.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Documents marked SOC001-SOC838 comprise the total volume of documents provided by the Plaintiff in response to Plaintiff's Request for Production. While a document responsive to this request may comprise a few pages of the total number of documents, most of which are environmental reports, legal bills and the like. Plaintiff should be compelled to identify exactly which documents, if any, are responsive to Defendant's request. In the event there are no responsive documents, Plaintiff should be compelled to so state.

**Request Number 2:** All other documents which Plaintiff alleges forms the basis of the so-called "Agreement" referred to in paragraph 6 of the Plaintiff's complaint or which Plaintiff contends relates to the Defendant's obligation to reimburse Plaintiff for any of its costs and expenses, as alleged in the complaint.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Documents marked SOC001-SOC838 comprise the total volume of documents provided by the Plaintiff in response to Plaintiff's Request for Production. While the documents responsive to this request may exist and may comprise a few pages

of the total number of documents, most of which are environmental reports, legal bills and the like. Plaintiff should be compelled to identify exactly which documents, if any, are responsive to Defendant's request. In the event there are no responsive documents, Plaintiff should be compelled to so state.

**Request Number 3:** Correspondence between Plaintiff and Defendant regarding any of the matters alleged or described in Plaintiff's complaint.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Documents marked SOC001-SOC838 comprise the total volume of documents provided by the Plaintiff in response to Plaintiff's Request for Production. No documents responsive to this request appear to be contained in the material provided, most of which are environmental reports, legal bills and the like. Plaintiff should be compelled to identify exactly which documents, if any, it contends are responsive to Defendant's request. In the event there are no responsive documents, Plaintiff should be compelled to so state.

**Request Number 4:** Plaintiff's purchase order for the work done by the Defendant in 1983 at Plaintiff's property, i.e., Plaintiff's blanket purchase order MEA-013616-B/P referenced in the so-called "Bill of Sale," or other responsive purchase order or document, together with all related documentation, correspondence and the like.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Documents marked SOC001-SOC838 comprise the total volume of documents provided by the Plaintiff in response to Plaintiff's Request for Production. No

documents in the material provided appear responsive to this request. Most of the documents provided are environmental reports, legal bills and the like. Plaintiff should be compelled to identify exactly which documents, if any, are responsive to Defendant's request. In the event there are no responsive documents, Plaintiff should be compelled to so state.

**Request Number 5:** All documents evidencing any consideration which Plaintiff alleges Defendant paid to Plaintiff for the alleged sale or transfer of the underground storage tanks or UST's and the so-called "Agreement" to reimburse Plaintiff for its expenses, as described in paragraph 6, including any receipts, cancelled checks and the like.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Documents marked SOC001-SOC838 comprise the total volume of documents provided by the Plaintiff in response to Plaintiff's Request for Production. No documents in the material provided appear responsive to this request. While Plaintiff may contend that a responsive document is to be found, Defendant is simply left to guess. Most of the documents provided are environmental reports, legal bills and the like, unrelated to this request. Plaintiff should be compelled to identify exactly which documents, if any, are responsive to Defendant's request. In the event there are no responsive documents, Plaintiff should be compelled to so state.

**Request Number 6:** Complete settlement agreement or other document(s) evidencing Plaintiff's settlement of claims referred to in paragraph 9 of Plaintiff's complaint.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Documents marked SOC001-SOC838 comprise the total volume of documents provided by the Plaintiff in response to Plaintiff's Request for Production. Plaintiff should be compelled to identify exactly which documents among the 838 pages provided by the Plaintiff are responsive to this request. Defendant has the right to know exactly which of the bevy of documents Plaintiff alleges comprise the "complete settlement agreement."

**Request number 7:** All expert reports and other documentation regarding ground contamination at the Plaintiff's former property located at 880 Park Avenue in Cranston, Rhode Island.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Documents marked SOC001-SOC838 comprise the total volume of documents provided by the Plaintiff in response to Plaintiff's Request for Production. Plaintiff should be compelled to identify exactly which documents among the 838 pages provided by the Plaintiff are responsive to this request. While Plaintiff has provided several responsive documents to this request, Defendant has the right to know exactly which of the bevy of documents are provided in response to this request in compliance with Plaintiff's obligations under the Federal Rules of Civil Procedure.

**Request Number 8:** All documents which Plaintiff alleges support its claim for damages in this case, including documentation evidencing expenses, fees and costs for which it seeks reimbursement from the Defendant.

**Plaintiff's Response:** Shell is serving herewith documents marked SOC001-SOC838. Documents responsive to this request are contained therein.

**Comment:** Again, Defendant is entitled to a response which complies with the Federal Rules of Civil Procedure. Plaintiff has clearly provided documents responsive to this request, but among the 838 pages provided, there are no doubt many non-responsive documents. Defendant has the right to know exactly which of the many documents are submitted in response to this request.

DEFENDANT
By its Attorney,

Joseph M. Codega #3612
571 Pontiac Avenue
Cranston, RI 02910
Telephone: (401) 941-7778
Facsimile: (401) 941-3055
Dated: May 12, 2005

**CERTIFICATION**

I certify that a true copy of the within was mailed by regular first class mail, on the 12th day of May, 2005, to:

Mark A. Pogue, Esq.
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903