**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SHELL OIL COMPANY, Plaintiff | : | |
| v. | : | C.A. No. 04-500 ML |
| C.P. WATSON, INC., Defendant | : | ***Jury Trial Demanded*** |

## FIRST AMENDED ANSWER

1. This averment states a conclusion of fact or law to which no responsive pleading is required. To the extent that a responsive pleading is or may be necessary, Defendant generally denies that it is indebted to the Plaintiff for any reason and, therefore, is not liable to the Plaintiff for any money damages.

### Parties and Jurisdiction

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and, therefore, leaves Plaintiff to its proof thereon.

3. Admit.

4. This averment states a conclusion of fact or law to which no responsive pleading is required. To the extent that a responsive pleading is or may be necessary, Defendant generally denies it is indebted to the Plaintiff for any reason and, therefore, is not liable to the Plaintiff for any money damages.

### Background

6. (sic) Defendant admits that, upon information and belief and subject to further investigation and discovery, there exists a document captioned "Bill of Sale" dated

November 30, 1983, purportedly signed by the Plaintiff and Defendant, which document referred to some, but not all, of the underground storage tanks or UST's formerly in use at Plaintiff's property located at 880 Park Avenue in Cranston, Rhode Island. Defendant denies that Plaintiff "sold" Defendant the tanks, as alleged, as the tanks had no value to Defendant and, in any event, would not have been "purchased" by the Defendant. Further, there was no consideration paid by Defendant for the tanks. In fact, upon information and belief, any used tanks were immediately and responsibly disposed of as waste in accordance with then-applicable law and caused no harm or damage to persons or property thus never triggering any alleged obligation by Defendant to reimburse Plaintiff for anything.

7. Defendant admits that, upon information and belief and subject to further investigation and discovery, Plaintiff has accurately and selectively excerpted the language from the document captioned "Bill of Sale." Defendant denies that this language can form the basis of any liability to Plaintiff since any alleged "claims, suits, liabilities, expenses, etc." suffered or incurred by the Plaintiff "arising out of or happening in connection with such tanks" relate to events which occurred prior to the date of the Bill of Sale, perhaps over the course of many years, and have nothing to do with the Defendant or the Bill of Sale.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and, therefore, leaves Plaintiff to its proof thereon. Defendant denies that it liable to the Plaintiff on account of any alleged leakage.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and, therefore, leaves Plaintiff to its proof thereon. Defendant denies that it liable to the Plaintiff for any of the alleged fees, expenses or damages.

10. Defendant denies that it now has, or ever had, any contractual, legal or equitable obligation to reimburse Plaintiff Shell Oil Company for its expenses and costs as alleged and, therefore, has not done so.

11. Defendant denies that Plaintiff has suffered any damages, "as a result of [Defendant's] Watson's failure to reimburse [Plaintiff] Shell for its expenses," since Defendant had no legal or equitable obligation to do so.

**Count I**
**Breech of Contract**

12. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-11, above, as if herein states in full.

13. Deny.

**WHEREFORE**, Defendant requests that Plaintiff's complaint be dismissed; the relief requested therein be denied; that Defendant be awarded its costs of this action; and, inasmuch as Plaintiff's allegations and factual contentions appear at this time to lack evidentiary support, award the Defendant its reasonable attorney's fees and other expenses incurred, together with such other relief as may just.

Defendant requests a trial by jury on all matters so triable.

**Other Defenses**

1. Plaintiff's complaint fails to state of claim upon which relief can be granted.

2. Plaintiff's complaint is barred by the statute of limitations.

3. Plaintiff's complaint is barred by the statute of frauds.

4. Plaintiff is not entitled to an award of attorney's fees pursuant to R.I. General Laws §9-1-45 since: (1) There is not an absence of a justiciable issue of law or fact in that, *inter alia*, Defendant has a justifiable defense to Plaintiff's claim; and (2) Plaintiff has not obtained a default judgment.

5. Upon information and belief, the underground storage tanks or UST's referenced in Plaintiff's complaint were installed, maintained and removed from the property by or at the direction of the Plaintiff, who bears all responsibility for the tanks and any contamination caused thereby.

6. Even if the factual allegations set forth in Plaintiff's complaint are taken as true, Defendant is not contractually liable to the Plaintiff as alleged, since Defendant never agreed to reimburse Plaintiff for expenses or damages incurred or resulting from the period of time prior to the execution of the Bill of Sale referenced in Plaintiff's complaint and any alleged agreement to that effect would be wholly void, *inter alia*, on account of the total failure of any consideration whatsoever for same.

7. Defendant did not breach the alleged contract with Plaintiff. Plaintiff has not even alleged, and can not as a matter of fact allege, the existence of a contract or agreement that would impose liability on the Defendant, or a contractual obligation or duty owed by the Defendant to Plaintiff, for pre-existing damage to Plaintiff's property over which Defendant had absolutely no control or responsibility.

8. Plaintiff's complaint merely alleges that Defendant purchased items of personal property from the Plaintiff, i.e., underground storage tanks or UST's, which were, upon information and belief, immediately removed from the property. The complaint further alleges that Defendant may have agreed to reimburse the Plaintiff for any <u>subsequent</u>

damage caused by that personal property. Upon information and belief, alleged damage to Plaintiff's property occurred well-prior to the date in 1983 when Plaintiff alleges it sold the personal property to the Defendant.

9. Any damage to Plaintiff's property was caused, perhaps over the course of many years prior to 1983, by the Plaintiff's own actions or neglects or the actions of some other party or parties over whom Defendant has no control.

10. Defendant affirmatively avers that Plaintiff is without a legal or factual basis to allege that Defendant has breeched a contract with the Plaintiff.

11. Defendant raises the affirmative defense of failure of consideration.

12. Defendant raises the affirmative defense of estoppel.

13. Defendant raises the affirmative defense of accord and satisfaction.

14. Defendant raises the affirmative defense of waiver.

15. Defendant raises the defense of failure of consideration.

16. Defendant is not responsible to reimburse Plaintiff for any amounts since Plaintiff failed to mitigate its damages. Plaintiff allowed its costs, expenses and damages to unnecessarily escalate by, *inter alia*, failing to take timely and effective action to remediate the contaminated property.

17. All duties and obligations of Defendant which may have existed pursuant to the terms of any alleged contract or agreement contained within the so-called Bill of Sale were fully discharged by the Defendant at or near the time of the alleged sale of the personal property which was the subject of the Bill of Sale and Defendant owes Plaintiff nothing further.

18. There was no agreement or contract between the parties as alleged by the Plaintiff which could form the basis for Plaintiff's alleged contract-based claims against Defendant.

19. Plaintiff's complaint is barred by the statute of repose.

20. Plaintiff's complaint is barred by R.I. General Laws §9-1-29, as amended.

**COUNTERCLAIM**

1. In 1983, Plaintiff alleges it sold Defendant certain items of personal property, i.e., used underground gasoline storage tanks.

2. Plaintiff further alleges that the sale of personal property is evidenced by a document captioned "Bill of Sale" prepared by the Plaintiff and believed to be delivered at or near the time of the alleged sale.

3. Defendant has denied the existence of a valid contract between the parties in the form alleged by the Plaintiff for the reasons set forth in Defendant's answer to Plaintiff's complaint.

4. However, even in the event that this Court does find a valid contract supported by adequate consideration existed or exists between the parties, Defendant fully complied with and fully discharged any and all its alleged contractual duties and obligations incorporated in or contained within the Bill of Sale at or near the time of the alleged sale of the personal property in 1983.

5. As with any contract or agreement executed within and subject to the laws of the State of Rhode Island, the Bill of Sale contained an implied covenant of good faith and fair dealing by and between the parties to the contract.

6. Plaintiff has breached its implied covenant of good faith and fair dealing by, *inter alia*, instituting and maintaining the within lawsuit against Defendant alleging a contractually-based claim for indemnification based on the so-called Bill of Sale and the sale of personal property by Plaintiff to Defendant, when no such claim can or does exist.

7. As the result of Plaintiff's conduct and the breach of its covenant, obligations and duties to Defendant as described herein, Defendant has been damaged and has been forced to incur attorney's fees and costs.

**WHEREFORE,** Defendant respectfully requests this Court enter judgment against the Plaintiff as follows:

1. Award Defendant monetary damages in an amount to be proven at trial;

2. Award Defendant its attorney fees, interest and costs pursuant to, *inter alia*, R.I. General Laws§9-1-45; and

3. Such other relief as this Court deems just.

DEFENDANT
By its Attorney,

Joseph M. Codega #3612
571 Pontiac Avenue
Cranston, RI 02910
Telephone: (401) 941-7778
Facsimile: (401) 941-3055
Dated: June 6, 2005

**CERTIFICATION**

I certify that a true copy of the within was mailed by regular first class mail, on the 6th day of June, 2005, to:

Mark A. Pogue, Esq.
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903